IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:15-CV-347

| | |
|---|---|
| JOHN STEVEN KOENIG,<br>    Plaintiff,<br><br>vs.<br><br>JOHN W. DOWDY, JR., CULHAIN<br>MCDANIEL, FORTRESS HOMES, LLC,<br>ALL-AMERICAN HOMES, INC.,<br>DOWNWIND INVESTMENTS, LLC,<br>KING CONSTRUCTION AND<br>DEVELOPMENT COMPANY, INC.,<br>    Defendants. | **PROTECTIVE ORDER** |

  The Parties expect to produce, either during discovery or through agreement, certain documents or information considered to be confidential, proprietary, or containing trade secrets. The Parties desire to protect the confidential nature of these documents or information through a protective order.

  Entering this Order will facilitate and expedite the discovery process (to include information discovery and production of documents by agreement) and to prevent the Court from having to conduct hearings on each document or category of documents sought to be protected.

  The Court finds good cause for a protective order to protect confidential, proprietary, or trade secret documents and information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

  Therefore, it is ordered that the Parties' Consent Motion for Protective Order is granted in part and denied in part. It is further ordered that the Parties and any other third-parties involved in discovery in this matter abide by the following terms in handling the production and disclosure of confidential information:

  1.  <u>DEFINITION</u>. As used herein, "Confidential Matter" shall mean any and all documents and any portions of written discovery responses produced by the producing party not otherwise in the public domain or determined to be a public record under North Carolina law, which are provided or disclosed by the parties, or by a third party, pursuant to the Federal Rules

of Civil Procedure and/or by Order of this Court, and which are deemed in good faith as confidential and designated as such pursuant to this Confidential Agreement and Stipulated Protective Order. Notes, summaries, briefs, memoranda and other documents containing or discussing Confidential Matter shall also be regarded as Confidential Matter pursuant to this Agreement, but transcripts shall only be regarded as Confidential Matter when designated according to paragraph 3 of this Agreement. Nothing herein shall be construed (a) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, (b) as preventing a party from continuing to use any information known or used by it if such information was lawfully obtained by the party other than through discovery in this proceeding, or (c) as preventing any party from asserting in any Court proceeding that any information designated as confidential should not be treated as confidential information; provided, however, that this provision shall not apply to any copyrighted plans which form the subject of this litigation.

2. DOCUMENTS. Documents or things deemed confidential by the producing party shall be marked or stamped "CONFIDENTIAL" either at the time they are produced or at the time copies are provided. Stamping or marking a document "CONFIDENTIAL" shall constitute certification by the producing party that it believes in good faith that good cause exists to designate the material confidential.

3. DEPOSITIONS. A party may designate at a deposition that the deposition contains Confidential Matter. The depositions shall be treated as confidential for twenty (20) days after the receipt of the transcript for such deposition, after which it will no longer be confidential unless counsel for the party who desires continued confidential treatment for any portion of a deposition shall so inform opposing counsel in writing of the specific deposition pages designated as "CONFIDENTIAL."

4. INADVERTENT PRODUCTION. The producing party's inadvertent production of any information or document without designating it as "CONFIDENTIAL" shall not by itself be deemed a waiver of the producing party's claim of confidentiality as to that information or document. If the producing party wishes to designate the information or document after production, it shall consult the opposing party and the parties shall make a good faith effort to resolve the matter. If the parties are not able to resolve the matter informally, the producing party may apply to the Court, pursuant to the process outlined in Paragraph 11 of the initial Scheduling

Order (D.E. 59), within five (5) days of an impasse for an order designating the information or document Confidential Matter. Once the producing party has notified the opposing party of its inadvertent failure to designate the information or document CONFIDENTIAL, the opposing party shall treat the information or document as Confidential Matter until the Court resolves the dispute or the producing party fails to make the motion described above within the specified time.

5. <u>DISCLOSURE</u>. Confidential Matter shall be treated by the parties as confidential and shall be used only in connection with the litigation of this action and not for any other purpose. The Parties agree that this initial Agreement may be modified in the future to allow for additional disclosure, however any such modifications to this Agreement will be allowed only by subsequent order of the Court. Except as expressly permitted by this Agreement, or as required by law, or by order of the Court upon application or motion, no Confidential Matter produced in this action shall be revealed, disclosed or described, in whole or in part, to any person other than as outlined below:

(a) The attorneys in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Experts and consultants retained or consulted by counsel to assist in the defense or prosecution of this action that have been identified to the opposing party, and necessary employees of those experts;

(c) The Plaintiff, in the office of Plaintiff's counsel, in the presence of an attorney of record;

(d) Defendants, in the office of Defendants' counsel, in the presence of an attorney of record;

(e) No copies of the disclosed Confidential Material shall be made or distributed to individuals authorized herein without prior notice to the opposing counsel stating, among other things, the name of the proposed recipient, the reason for said disclosure, and that notice has been provided to the individual regarding the terms of this Stipulated Protective Order.

6. <u>NOTICE</u>. Prior to disclosure of Confidential Matter to any persons included within paragraph 5, counsel shall inform such person that the matter is confidential and may not be disclosed, except as provided in this Agreement.

7. <u>COURT FILINGS</u>. To the extent that any brief, memorandum, transcript of testimony, discovery material, or other document submitted to the Court incorporates or discloses any Confidential Matter, such brief, memorandum, transcript of testimony, or other document, or portion thereof, shall be filed in accordance with Local Rule 79.2 of the Local Civil Rules for the U.S. District Court for the Eastern District of North Carolina, the contents of which are incorporated by reference herein.

8. <u>TRIAL</u>. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. However, in the Pre-Trial Order, counsel for the parties shall designate the exhibits they assert are "confidential." Thereafter, the designating party may apply to the Court for an appropriate order as to the conditions under which the designated exhibits may be used in connection with trial.

9. <u>CHALLENGE</u>. If a party objects to the designation of any information or document as Confidential Matter, it shall notify the opposing party and explain the reasons for its objection. The parties shall confer in good faith to resolve this dispute. If they cannot, the parties shall proceed in the manner outlined in Paragraph 11 of the initial Scheduling Order (D.E. 59). The producing party shall bear the burden of establishing that confidential treatment is appropriate. No party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so shall not constitute an admission that any Confidential Matter is in fact confidential or preclude a subsequent challenge to the propriety of such designation. However, until the issue of confidentiality is resolved by the Court, the opposing party shall treat the matter as if "confidential" by the terms of the Agreement.

10. <u>CONCLUSION OF LITIGATION</u>. At the conclusion of this action, including without limitation any appeal or retrial, all counsel and every person to whom Confidential Matter has been disclosed shall return to the producing party's counsel all materials designated confidential, including any copies, extracts, or summaries thereof. Upon written request by counsel for the producing party, counsel for the receiving party shall certify in writing that the provisions of this paragraph have been complied with. Provided, however, that counsel for the parties may retain in their own files all pleadings, written discovery responses, court filings, transcripts, exhibits, notes, memoranda, and work product embodying Confidential Matter, and such retained Confidential Matter shall remain confidential and subject to the restrictions of this Agreement.

11. <u>SURVIVAL</u>. The provisions of this Agreement shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Agreement.

12. <u>USE</u>. Nothing contained herein shall be construed to limit the party producing Confidential Matter from using its own Confidential Matter in any manner it may choose.

13. <u>SUBPOENAS</u>. Nothing in this Agreement shall prevent any party from producing any document or information in its possession to another person in response to a subpoena, or other compulsory process. If a party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Matter, that party shall object to and move to quash the subpoena as appropriate, give immediate written notice to the producing party, identifying the Confidential Matter sought and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process.

14. <u>TIME</u>. All time periods contained in this Agreement shall be computed pursuant to Rule 6 of the Federal Rules of Civil Procedure.

15. <u>MODIFICATION</u>. This Agreement may only be modified or terminated if such modification or termination is ordered by the Court.

SO ORDERED this 11th day of April, 2016.

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge